## In re BODEK.

(District Court, E. D. Pennsylvania. June 22, 1911.)

No. 3,992.

**1. BANKRUPTCY (§ 59\*)—ACT OF BANKRUPTCY—LEVY—VALIDITY.**

A debtor attacked the validity of a sheriff's levy relied on as an act of bankruptcy, in that he had preferred the creditor by failing to discharge the lien, and showed that the sheriff's return was false, so far as it recited a levy and that subsequently the debtor was, adjudged a bankrupt, because the records of the bankruptcy court disclosed that no adjudication had ever been entered. The testimony of a deputy sheriff showed that no actual levy had been made. *Held* to show the invalidity of the levy to constitute an act of bankruptcy, though the balance of the sheriff's return might be secure against collateral attack.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. § 59.\*]

**2. EXECUTION (§ 145\*)—LEVY—DIRECT ATTACK.**

A debtor may directly attack a levy, though a part of the officer's return may be secure against a collateral attack, and he may question the validity of the levy where he has steadily denied its validity.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 376–380; Dec. Dig. § 145.\*]

In the matter of bankruptcy proceedings against Samuel Bodek. Issue of validity of a levy alleged to constitute an act of bankruptcy found in favor of bankrupt.

Samuel W. Cooper, for petitioning creditors.

Alex. J. Brian, for alleged bankrupt.

J. B. McPHERSON, District Judge. The bankrupt waived his demand for a jury trial, and the issue raised by the petition and answer was thereupon submitted to the court. [1] It has now been heard, and the evidence satisfies me that the so-called levy made by the sheriff was not valid, and therefore that the only act of bankruptcy charged in the petition, namely, preferring an execution creditor by failing to discharge the lien, was not committed. In part, the sheriff's return upon the writ is manifestly not true. It recites that he "Levied Feb. 7, 1911, upon the personal property of the within-named defendant at No. 17 South Fourth street, and afterwards the defendant was adjudged a bankrupt in the United States District Court for the Eastern District of Pennsylvania;" for the records of this court disclose that no adjudication has ever been entered. [2] The rest of the return might perhaps be secure against collateral attack, but it may still be attacked directly by the bankrupt himself. The testimony of the deputy sheriff shows clearly that he made no actual levy. Stuckert v. Keller, 105 Pa. 386, is not in point. There a levy was made in form, although the sheriff did not seize or even see the goods, but he was prevented from levying in fact by the wrongful act of a third person, a temporary bailee, who afterwards attempted to transmit title by a levy and sale on his own account. The controversy was between the respective purchasers under these two levies, and the Supreme Court

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

188 F.—52

held the irregular levy on the first execution to be good on the distinct ground that the debtor, who might himself have. objected to it successfully, was present at the sale and made no protest—thereby waiving his rights. The second sale was held to be of no validity, because the execution creditor, the temporary bailee, had wrongfully kept the sheriff from making a levy upon the first execution, and was therefore attempting to take advantage of his own wrong. Here, however, the debtor himself protested from the beginning against the levy, and has steadily denied its validity. He had an undoubted right to question the fact, and to have it determined by a proper tribunal.

I therefore find the issue in favor of the bankrupt.